UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY WILSON ROBERTS, JR.,

    Petitioner,

v.

RANDEE REWERTS,

    Respondent.

Case No. 2:18-cv-12033

HON. PAUL D. BORMAN

_____/

## OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF NO. 1), (2) DENYING A CERTIFICATE OF APPEALABILITY, AND (3) DECLINING TO GRANT LEAVE TO APPEAL *IN FORMA PAUPERIS*

This is a habeas case filed by a Michigan prisoner under 28 U.S.C. § 2254. Petitioner Johnny Wilson Roberts, Jr., was convicted by guilty plea in the Shiawassee County Circuit Court of two counts of home invasion, second degree, Mich. Comp. Laws § 750.110a(3); two counts of assaulting, resisting, or obstructing a police officer, Mich. Comp. Laws § 750.81d(1); and one count of attempted unlawfully driving away an automobile (UDAA), Mich. Comp. Laws § 750.413. Petitioner is serving prison terms of ten years to twenty-two and a half years for the home invasion convictions, eighteen to forty-five months for attempted UDAA, and eighteen to thirty-six months for restricting and obstructing.

Petitioner claims his sentence was wrongly scored under the Michigan Sentencing Guidelines and was based on inaccurate information in violation of his due process rights. He also argues he received ineffective assistance of counsel because his attorney failed to object to the sentencing errors. As explained below, because Petitioner's claims do not satisfy the strict standards for habeas corpus relief, the Court will deny the petition.

**I. BACKGROUND**

Petitioner's plea convictions on the home invasion, restricting or obstructing a police officer, and attempted UDAA charges were the result of a *Killebrew*[1] agreement. In exchange for Petitioner's guilty pleas and admission to his status as a habitual offender, second offense, the prosecution dismissed two counts of first-degree home invasion, reduced its request for fourth-offense habitual offender sentence enhancement, and agreed to recommend a sentence within the calculated range of the Michigan Sentencing Guidelines. Plea Hr'g Tr., 9/27/2016, ECF No. 8-2, PageID.119-20, 127. In addition, because Petitioner agreed "to cooperate with law

---

[1] A *Killebrew* agreement is a form of plea or sentence agreement which "is binding between the parties but if the judge rejects the prosecutor's recommendation, then the defendant may withdraw his guilty plea and proceed to trial." *Leatherman v. Palmer*, 387 F. App'x 533, 534 (6th Cir. 2010) (citing *Michigan v. Killebrew*, 416 Mich. 189 (1982)).

enforcement . . . to clear approximately twenty (20) unsolved Home Invasions or Breaking and Enterings[,]" the prosecution "agreed . . . not to prosecute those charges currently known to the People." *Id*. at PageID.120.

At sentencing, the trial court recognized Petitioner's thirty-year criminal record during which he "amass[ed] twenty-two (22) felonies, seven misdemeanor convictions," and served two prison terms. Sent. Hr'g Tr., 11/4/2016, ECF No. 8-3, PageID.156-57. The court also noted, over Petitioner's protest, that Petitioner "didn't give us the courtesy of giving us a description of the offense [and] chose not to make a statement."[2] *Id*. It sentenced Petitioner to a term of incarceration of 120 months to 270 months for the home invasion convictions. *Id*. at PageID.159. Petitioner's minimum sentence was within but at the high end of his calculated guidelines range of 50 to 125 months. *See* Pet., ECF No. 1, PageID.39 (Sent. Info. Rpt.).

Petitioner filed a motion for resentencing in the trial court, challenging how two offense variables under the Michigan Sentencing Guidelines were scored, and asserting the court had improperly relied on his failure to make a statement. At a

---

[2] Petitioner's application for leave to appeal to the Michigan Court of Appeals, on which he relies for the petition before the Court, describes Petitioner's actions as a "decision not to describe the offense in the PSIR" (Presentence Investigation Report). Pet., ECF No. 1, PageID.31. In the brief, Petitioner argues that the Michigan Court Rules permit but do not require a defendant to make such a statement. *Id*.

hearing on the motion, the trial court responded to the latter claim, saying it "mentioned Defendant's lack of a statement merely as a point of frustration" and denying Defendant's choice had any effect on the sentence imposed. Mot. Hr'g Tr., 5/25/2017, ECF No. 8-4, PageID.175. The court also found the guidelines were scored correctly and denied Petitioner's motion. *Id*. at PageID.178.

Subsequently, Petitioner filed an application for leave to appeal, which the Michigan Court of Appeals denied in a standard form order. *People v. Roberts*, Case No. 338826 (Mich. Ct. App. Aug. 3, 2017) (unpublished). On February 20, 2018, the Michigan Supreme Court also denied leave because it was "not persuaded that the questions presented should be reviewed by this Court." *People v. Roberts*, 501 Mich. 977 (2018).

Petitioner's application for a writ of habeas corpus followed, raising the same three issues Petitioner raised in the state appellate courts:

> I. MR. ROBERTS WAS SENTENCED ON THE BASIS OF INACCURATE INFORMATION AND IN VIOLATION OF DUE PROCESS WHERE CERTAIN VARIABLES WERE INCORRECTLY SCORED. HE IS ENTITLED TO RESENTENCING TO CORRECT THE ERROR.
>
> II. MR. ROBERTS WAS SENTENCED ON THE BASIS OF INACCURATE INFORMATION AND IN VIOLATION OF DUE PROCESS. THE TRIAL COURT IMPROPERLY RELIED ON MR. ROBERTS'S CHOICE TO DECLINE DESCRIBING THE OFFENSE IN THE PRESENTENCE REPORT AS SENTENCING INFORMATION. HE IS

>   ENTITLED TO RESENTENCING TO CORRECT THE ERROR.
>
> III. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE ABOVE ERRORS, IN VIOLATION OF DEFENDANT'S RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.

**II. STANDARD OF REVIEW**

Title 28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court

decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. "'[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Williams*, 529 U.S. at 411).

Further, "[t]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams,* 529 U.S. at 410). "AEDPA also requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" *Id.* at 473–74 (citing 28 U.S.C. § 2254(e)(1)).

"[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of her claim "was so lacking in justification that there was an error well

6

understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103.

"[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning." *Id*. at 98. Where the state court's decisions provide no rationale, the burden remains on the habeas petitioner to demonstrate "there was no reasonable basis for the state court to deny relief." *Id*.

However, when a state court has explained its reasoning, that is, "[w]here there has been one reasoned state judgment rejecting a federal claim," federal courts should presume that "later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Wilson v. Sellers*, 138 S. Ct. 1188, 1194 (2018) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)). Accordingly, when the last state court to rule provides no basis for its ruling, "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale" and apply *Ylst*'s presumption. *Id*. The "look through" rule applies whether the last reasoned state court opinion based its ruling on procedural default, *id*. at 1194 (citing *Ylst*, 501 U.S. at 803), or ruled on the merits. *Id*. at 1195 (citing *Premo v. Moore*, 562 U.S. 115, 123–133 (2011)) (other citation omitted).

**III. DISCUSSION**

The state appellate courts denied Petitioner's claims in standard form orders which provided no explanation for their decisions. However, Petitioner's sentencing claims were adjudicated on the merits when the sentencing court explained its reasons for denying Petitioner's motion for resentencing. *See* Mot. Hr'g Tr., 5/25/2017, ECF No. 8-4, PageID.176-78; *see also* Pet., ECF No. 1, PageID.42 (5/26/2017 Order, denying Petitioner's Motion for Resentencing "for the reasons stated on the record"). The trial court's order on Petitioner's motion is a "reasoned state judgment." *Wilson*, 138 S. Ct. at 1194. Accordingly, the Court will "look through" the appellate court orders denying leave to appeal that ruling and presume those courts adopted the trial court's reasoning. *Id.*; *Ylst*, 501 U.S. at 803.

**A. Sentencing guidelines scoring challenges**

Petitioner challenges his scores for two offense variables under the Michigan Sentencing Guidelines: OV 13, a continuing pattern of criminal behavior, and OV 19, interference with the administration of justice. Relying on the statutory instructions for the Michigan Sentencing Guidelines as well as Michigan case law, the trial court rejected both claims. Mot. Hr'g Tr., 5/25/2017, ECF No. 8-4, PageID.175-78; *see also* Pet., ECF No. 1, PageID.42. Petitioner is not entitled to

8

habeas relief on this issue because these are questions of state law and because his sentence does not otherwise violate constitutional protections.

In general, "a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus," and federal habeas relief is not available for errors of state law. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam). More specifically, "errors in the application of state sentencing guidelines . . . cannot independently support habeas relief." *Kissner v. Palmer*, 826 F. 3d 898, 904 (6th Cir. 2016). Habeas petitioners have "no state-created interest in having the Michigan Sentencing Guidelines applied rigidly" in their sentence determinations. *Mitchell v. Vasbinder*, 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009). Thus, a claim like Petitioner's, that the state trial court incorrectly scored, calculated, or applied state legislative sentencing guidelines, is not a cognizable claim for federal habeas review because it is based solely on state law. *Paris v. Rivard*, 105 F. Supp. 3d 701, 724 (E.D. Mich. 2015) (citing *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006)).

Petitioner also argues that the trial court's sentencing errors violated his right to due process. Habeas relief is potentially available where "[v]iolations of state law and procedure . . . infringe specific federal constitutional protections[.]" *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (citing 28 U.S.C. § 2254; *Estelle v. McGuire*, 502 U.S. 62 (1991)). An alleged violation of state law "could,

9

potentially 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir.2003). A sentence may violate due process if it is based upon "material 'misinformation of constitutional magnitude.'" *Koras v. Robinson*, 123 F. App'x 207, 213 (6th Cir. 2005) (quoting *Roberts v. United States*, 445 U.S. 552, 556 (1980)); see also *United States v. Tucker*, 404 U.S. 443, 447 (1972); *Townsend v. Burke*, 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Koras*, 123 F. App'x at 213 (quoting *United States v. Stevens*, 851 F.2d 140, 143 (6th Cir.1988)); see also *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984).

On the issue of offense variable scoring, Petitioner only argues that the trial court erred in its interpretation of state law when it assessed the scores. He does not assert that the scores were based on materially false information. Nor does he provide any other basis to find his sentence "sufficiently egregious" as to offend due process. *Bowling*, 344 F.3d at 521.

Finally, because "wide discretion is accorded a state trial court's sentencing decision," habeas challenges to such sentences "are not generally cognizable upon

10

federal habeas review, unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law." *Vliet v. Renico*, 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002) (citation omitted). And "a sentence within the statutory maximum set by statute generally does not constitute 'cruel and unusual punishment.'" *United States v. Organek*, 65 F.3d 60, 62–63 (6th Cir. 1995) (citing *United States v. Williams*, 15 F.3d 1356, 1364 (6th Cir. 1994)).

Here, Petitioner's sentence is within the statutory limits for his offense. Second-degree home invasion is a felony punishable by a maximum term of imprisonment of fifteen years. Mich. Comp. Laws § 750.110a(3). The statute governing habitual offender enhancement for a second felony (or attempted felony) conviction permits a maximum term one and one-half times higher than that of the subsequent offense. Mich. Comp. Laws § 769.10(1)(a). Accordingly, Petitioner's maximum term of twenty-two and one-half years is authorized by the Michigan statutory sentencing scheme.

The habeas petitioner bears the burden of demonstrating his entitlement to habeas relief. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citing *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)). Petitioner's state law challenge to his sentence is not cognizable on habeas review, and he has not shown a due process violation or any other error of constitutional magnitude.

**B. Sentence based on improper considerations**

Petitioner also claims the trial court based its sentence improperly on his failure to provide a description of his offenses for his Presentence Investigation Report (PSIR). The trial court rejected this argument when it ruled on Petitioner's motion for resentencing, noting that its observation of that fact merely reflected a "point of frustration" that had no effect on the court's sentence. Mot. Hr'g Tr., 5/25/2017, ECF No. 8-4, PageID.175.

As explained above, a sentence may violate due process if it is based upon "material 'misinformation of constitutional magnitude.'" *Koras*, 123 F. App'x at 213. Whether or not Petitioner made a statement or otherwise refused to contribute to his Presentence Investigation Report does not rise to a matter "of constitutional magnitude."

In addition, Petitioner's claim is contradicted by the record. The trial court recited the factors on which it based Petitioner's sentence, including his thirty-year criminal record of twenty-two felonies, which would have carried much greater weight than the PSIR issue; as well as Petitioner's displacement of responsibility for his actions. *See* Sent. Hr'g Tr., 11/4/2016, ECF No. 8-3, PageID.156-58. Petitioner is not entitled to habeas relief on this issue.

### C. Ineffective assistance of trial counsel

Petitioner's final claim is that his trial counsel was ineffective for failing to object to the sentencing errors discussed above. Habeas claims based on ineffective assistance of counsel are evaluated under a "doubly deferential" standard. *Abby v. Howe*, 742 F.3d 221, 226 (6th Cir. 2014) (citing *Burt v. Titlow*, 571 U.S. 12, 15 (2013)). The first layer is the familiar deficient performance plus prejudice standard of *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). That is, a habeas petitioner must first show "that counsel's representation fell below an objective standard of reasonableness," and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012) (citations omitted).

AEDPA provides the second layer of deference to counsel's decisions by requiring habeas courts to "examine only whether the state court was reasonable in its determination that counsel's performance was adequate." *Abby*, 742 F.3d at 226 (citing *Burt*, 134 S. Ct. at 18). The question before a habeas court, then, is not whether defense counsel's performance fell below the *Strickland* standard, but whether the state court's application of the *Strickland* standard was unreasonable. *Harrington*, 562 U.S. at 101.

Petitioner did not raise this issue before the trial court, and the state appellate courts provided no reasoning for their decisions to deny Petitioner leave to appeal. Under these circumstances, Petitioner carries the burden of demonstrating that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement[,]" and that "there was no reasonable basis for the state court to deny relief." *Harrington*, 562 U.S. at 98, 103. Petitioner has not met his burden.

As explained above, Petitioner's claims of sentencing error lack merit. Attorneys will not be found constitutionally ineffective for electing not to take futile actions, *Richardson v. Palmer*, 941 F.3d 838, 857 (6th Cir. 2019) (citation omitted), or "raise . . . meritless arguments." *Mapes v. Coyle*, 171 F.3d 408, 427 (6th Cir. 1999); *see also Downs v. United States*, 879 F.3d 688, 691 (6th Cir. 2018); *Kelly v. Lazaroff*, 846 F.3d 819, 831 (6th Cir. 2017). It was not unreasonable for the state courts to conclude that any objection to Petitioner's sentencing scores or the trial court's passing observation at sentencing would have been futile, and would not have altered his sentence.

### D. Certificate of Appealability

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether or agree that the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court will deny Petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of his claims to be debatable or wrong. *Johnson v. Smith*, 219 F. Supp. 2d 871, 885 (E.D. Mich. 2002) (citing *Slack,* 529 U.S. at 484). The Court will also deny Petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Allen v. Stovall*, 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## IV. CONCLUSION

For the reasons stated above, the Court DENIES WITH PREJUDICE the petition for a writ of habeas corpus. ECF No. 1.

The Court further DENIES a certificate of appealability and leave to appeal *in forma pauperis*.

**SO ORDERED**.

                                          s/Paul D. Borman
                                          PAUL D. BORMAN
                                          UNITED STATES DISTRICT JUDGE

Dated:  April 22, 2021